UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEE ADONJAH RUFFIN**                              **CIVIL ACTION**

**VERSUS**                                         **NO. 23-3439**

**STEVE BERGERON, <u>ET</u> <u>AL</u>.**            **SECTION: "H"(5)**

<u>**REPORT AND RECOMMENDATION**</u>

  This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Lee A. Ruffin, against Defendants, Colonel Steve Bergeron, Warden Rhonda Ledet, and Lieutenant S. Schwausch, officials at the Terrebonne Parish Criminal Justice Complex. (ECF No. 4, Complaint). Lee, a pretrial detainee, complains that the facility is not providing his vegetarian diet. He was briefly provided a vegetarian diet until Warden Ledet determined it was ordered in error solely due to his individual preference, rather than any medical need, as required by TPCJC, and it was discontinued. (ECF No. 4-1 at 4). Lee alleges that another facility during a previous incarceration simply approved his preferred diet, and that no physician must approve what he can eat. Lee requests a vegetarian diet and monetary compensation.

  As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials, as alleged here. *McCarty v. Zapata County*, 243 F. App'x 792, 2007 WL 1191019, at *1 (5th Cir. Apr. 20, 2007) (citing *Gibbs v. Grimmette*, 254 F.3d 545, 547 (5th Cir. 2001)); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 636 (5th Cir. 1996). Lee must establish the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991). To fulfill the subjective component, he must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is more than mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Prison officials must provide "humane conditions of confinement," by ensuring that inmates receive "adequate food, clothing, shelter and medical care" and using "reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). "To comply with the Constitution, inmates must receive 'reasonably adequate' food." *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (citing *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988)). The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. *See Wilson*, 501 U.S. at 298.

Lee's allegations fail to establish a deprivation of his constitutional rights. He has alleged no medical condition or religious reason for requesting a vegetarian diet. And he has not shown that the failure to provide his diet of choice, a vegetarian diet, deprived him of the minimal civilized measure of life's necessities because the food he received was nutritionally adequate. *See Hannah v. Boone*, Civ. Action 8:09-2709-PMD-BHH, 2009 WL 3834394, at *2 (D.S.C. Nov. 16, 2009) (citing *LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) ("A convicted prisoner is not entitled to a vegetarian diet.")).

Lee has not provided any evidence to suggest that his requested vegetarian diet was based on an approved medical dietary need. Nor has Lee shown any harm or adverse physical effect from eating a normal diet. Indeed, the alleged lack of calories resulted from Lee's own choices not to consume the food provided. And, more importantly, the purported loss of calories was not alleged to have resulted in any adverse consequences. "If the prisoner's diet … is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (affirming dismissal of claim based on inadequate nutrition where the plaintiff did not allege that his health suffered from alleged deprivation of meals); *Warren v. Gusman*, Civ. Action 16-15046, 2017 WL 1373875, at *16 (E.D. La. Mar. 10, 2017), *adopted* 2017 WL 1355709 (E.D. La. Apr. 13, 2017). Because plaintiff does not allege, much less establish, that his health suffered because of the diet provided, he fails to establish any physical injury. *See Morris v. Concordia Par. Corr. Facility*, Civ. Action 1:18-1322-P, 2019 WL 1272393 (W.D. La. Feb. 27, 2019). His entirely conclusory allegation that his health might suffer if he is not provided the vegetarian diet does not suffice to prove entitlement to injunctive relief. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Lee's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 15th day of September, 2023.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.